UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN GEORGE HUNT, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| vs. | ) |
| | )   1:20-cv-1521-TWP-MG |
| KELLY EDUCATIONAL STAFFING, | ) |
| | ) |
| *Defendant*. | ) |
| | ) |

**ORDER**

Pending before the Court is *pro se* Plaintiff John George Hunt's Motion for Leave to Amend Complaint, [Filing No. 21; Filing No. 23 (Order construing filing as a motion for leave)], in which Mr. Hunt seeks leave to amend his Complaint to add numerous defendants and claims for defamation and blackmail. Defendant Kelly Services, Inc.[1] ("Kelly") opposes Mr. Hunt's request. [Filing No. 25.] This matter is now ripe for the Court's review.

**I.
BACKGROUND**

**A.   Factual Background**

The Metropolitan School District of Lawrence Township (the "School District") contracted with Kelly, a staffing services company, to procure substitute teachers at its schools. [*See* Filing No. 1-1.] Kelly, in turn, hired Mr. Hunt, an African American male, as a substitute teacher for the School District when a need arose. [*See* Filing No. 1-1; Filing No. 9 at 1.] Kelly sent Mr. Hunt to substitute teach at Harrison Hill Elementary School in the School District on December 6, 2019.

---

[1] Plaintiff's Complaint names "Kelly Educational Staffing" as the Defendant, but Defendant's correct name is "Kelly Services, Inc." [Filing No. 25 at 1 n.1.] The Clerk is **DIRECTED** to correct Defendant's name on the docket to "Kelly Services, Inc."

1

[Filing No. 1-1.]  The School District received complaints from female students at Harrison Hill Elementary about how Mr. Hunt was looking at them.  [Filing No. 1-1 at 1 ("As dismissal continue[d,] two black males approached me and told me that some white female teachers, school staff, and female students complained that I was looking at some girls during recess.").]

That evening, Mr. Hunt received a phone call from a Kelly representative notifying Mr. Hunt that Kelly had received complaints from the School District about how he looked at female students and that Kelly was investigating Mr. Hunt.  [Filing No. 1-1 at 2.]  Mr. Hunt disputed the basis for the investigation and told the Kelly representative that the allegations were the result of discrimination against him by white female teachers with the School District.  [Filing No. 1-1 at 2.]  About two weeks later, a Kelly representative informed Mr. Hunt that he could no longer substitute teach at the School District, but that he could still substitute at other school districts in the area.  [Filing No. 1-1 at 2.]

**B.     Procedural Background**

In May 2020, Mr. Hunt sued Kelly for race, gender, and age discrimination under Title VII and the ADEA.  [Filing No. 1 at 2.]  Mr. Hunt alleges that he has suffered damages in the form of lost "present and future income as a substitute teacher at the [School District]"; "lost relationships with principals, teachers, and administrators," which he asserts would have led to "future curriculum and mentoring contracts" for Mr. Hunt's businesses, TripGear LLC and Behavior100 LLC; "potential lost sales in [Mr. Hunt's] graphic novels"; and additional lost revenues related to "770 Project Initiative" and "B100 University."  [Filing No. 1-2 at 1.]

Mr. Hunt has sought leave to amend his Complaint to add a host of defendants, including three individual employees of Kelly, the School District and several of its employees and students,

2

and the Indiana Department of Child Services.² [Filing No. 21.] He seeks to add claims for blackmail and defamation. [Filing No. 21 at 4.]

## II.
## LEGAL STANDARDS

Courts should "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), but leave to amend is not granted automatically. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC,* 499 F.3d 663, 666 (7th Cir. 2007). Leave to amend should be "freely given" if "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." *Foman v. Davis,* 371 U.S. 178, 182 (1962). However, "[d]istrict courts have broad discretion to deny leave to amend where there is undue delay, … undue prejudice to the defendants, or where the amendment would be futile." *Divane v. Northwestern Univ.*, 953 F.3d 980, 993 (7th Cir. 2020) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

Furthermore, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted). The liberal construction afforded *pro se* filings "relates to both the *pro se* plaintiff's factual allegations and their legal theories." *White v. City of Chicago*, 2016 WL 4270152, at *13 (N.D. Ill. Aug. 15, 2016).

## III.
## DISCUSSION

Mr. Hunt's proposed amended complaint seeks to add the following as defendants to the lawsuit: Kelly employee Laura Clinger; Kelly employee Angie Miller; Kelly employee Adriene

---

² Mr. Hunt also seeks to correct Kelly's name in his proposed Amended Complaint. [Filing No. 21 at 1.] Because the Court has corrected the document with this Order, the request is moot.

Rubel; the School District; Harrison Hill Elementary School; the School District's board president, Reginald McGregor; the School District's board vice-president, Wendy Muston; School District principal Natalie Stewart; School District psychologist Cindy Martz; School District technology employee Gregory Dulin; School District human resources employee Emily Brown; "Unidentified Student A"; "Unidentified Student B"; "Unidentified Parents/Guardian of Student A"; "Unidentified Parents/Guardian of Student B"; and the Indiana Department of Child Services. [Filing No. 21 at 1.] The proposed complaint recounts how Mr. Hunt substitute taught at Harrison Hill Elementary School on December 6, 2019 and Kelly's subsequent investigation and determination that Mr. Hunt could not substitute within the School District in the future. [*See* Filing No. 21 at 2-3.] He also alleges that white substitute teachers were treated more favorably, [Filing No. 21 at 3], and that the names of the accusing students have been withheld from him "under the guise that the student were minors and thus their names cannot be disclosed," [Filing No. 21 at 4]. Mr. Hunt then alleges that he has "suffer[ed] injuries to his person, including but not limited to pain, humiliation, anxiety, mental anguish, emotional distress and damage to Plaintiff[']s personal relations." [Filing No. 21 at 4.] Finally, Mr. Hunt "asks for all relief under the U.S. Code that covers both DEFAMATION and BLACKMAIL." [Filing No. 21 at 4.]

Kelly responds by asking the Court to deny Mr. Hunt's Motion for Leave. [Filing No. 25.] It argues that neither Title VII nor the ADEA provide for individual liability, and therefore adding individual Kelly employees could not withstand a Fed. R. Civ. P. 12(b)(6) motion and would be futile. [Filing No. 25 at 4-5.] Kelly also argues that Mr. Hunt's proposed amended complaint does not contain sufficiently specific allegations to support defamation or blackmail claims to withstand a Fed. R. Civ. P. 12(b)(6) motion. [Filing No. 25 at 5.] Kelly also contends that no civil cause of action exists for a claim of "blackmail." [Filing No. 25 at 6.]

Mr. Hunt did not submit a reply in support of his Motion for Leave.

"A new claim is futile if it would not withstand a motion to dismiss" under Fed. R. Civ. P. 12(b)(6). *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001). Under Fed. R. Civ. P. 12(b)(6), a court will dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). Federal Rule 12(b)(6) asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**A.     Blackmail Claim**

Mr. Hunt's proposed amended complaint offers no factual allegations regarding any alleged blackmail or extortion scheme. Instead, Mr. Hunt simply offers a conclusory statement that he is pleading a claim for "blackmail." Such a conclusory allegation is insufficient under Fed. R. Civ. P. 12(b)(6). *See Iqbal*, 556 U.S. at 678. Furthermore, Mr. Hunt has not identified a legal basis for a civil claim of blackmail or extortion. *See Bledsoe v. Capital One Auto Finance*, 2016 WL

1270206, at *5 (S.D. Ind. Mar. 31, 2016) (dismissing claim because plaintiff "has not identified any law on which to base a civil claim of extortion, and we know of none either"). Mr. Hunt's request to amend his Complaint to add a blackmail claim is **DENIED** because such a claim would be futile.

**B.     Defamation Claim**

Mr. Hunt's proposed amended complaint also seeks to add a claim for defamation. [Filing No. 21 at 4.] To assert a defamation claim under Indiana law, a plaintiff must allege (1) that defendant made a communication with "defamatory imputation"; (2) the communication was made with malice; (3) the defamatory statement was published; and (4) damages resulted from the defamatory communication. *See Kelley v. Tanoos*, 865 N.E.2d 593, 597 (Ind. 2007). Furthermore, "[a] plaintiff suing for defamation must set out the alleged defamatory statement in the complaint." *Brown v. Salvation Army*, 60 F. Supp. 3d 971, 981 (N.D. Ind. 2014). Mr. Hunt's proposed amendments do not set forth the alleged defamatory statement(s) or the identity of the alleged speaker. The allegations in the proposed complaint fail to provide "fair notice of what the . . . claim is and the grounds upon which it rests." *See Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555). Therefore, Mr. Hunt's request to amend his Complaint to add a defamation claim is **DENIED**.

**C.     Discrimination Claims against Additional Defendants**

Although not clear, a liberal reading of Mr. Hunt's proposed amended complaint suggests that Mr. Hunt seeks to add additional defendants for his Title VII and ADEA claims related to his termination from substitute teaching for the School District. His proposed complaint does not articulate the roles of the proposed new defendants in his termination. [*See generally* Filing No. 21.] Individuals "who are not otherwise employers cannot be sued under Title VII or the ADEA."

6

*Cianci v. Pettibone Corp.*, 152 F.3d 723, 729 (7th Cir. 1998).  *See also Shelton v. Ernst & Young, LLP*, 143 F. Supp. 2d 982, 990 (N.D. Ill. 2001) ("Liability for employment discrimination under Title VII can only be imposed against an individual who qualifies independently as an employer.").

Mr. Hunt admits that Kelly employed him during the relevant time period.  [Filing No. 21 at 2.]  Mr. Hunt's proposed amended complaint does not allege that the proposed new individual defendants or the School District were his employers.   Because Mr. Hunt's request to amend his Complaint to add additional defendants related to his Title VII and ADEA claims would be futile, it is **DENIED**.

## IV.
### CONCLUSION

Based on the foregoing, Mr. Hunt's Motion for Leave to Amend Complaint, [21], is **DENIED**.

The Clerk is further **DIRECTED** to correct Defendant's name on the docket to "Kelly Services, Inc."

Dated: 5/4/2021

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF: all counsel of record**

**Distribution via U.S. Mail:**

Mr. John Hunt
6330 Woods Edge North #2D
Indianapolis, Indiana 46250