UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN GEORGE HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | 1:20-cv-1521-TWP-MG |
| KELLY SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Pending before the Court is *pro se* Plaintiff John George Hunt's Motion for Assistance with Recruiting Counsel. [Filing No. 31]. There is no constitutional or statutory right to counsel in federal civil litigation. However, Congress has vested district courts with the authority to request a volunteer attorney to represent a litigant who cannot afford counsel. 28 U.S.C. § 1915(e)(1); *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019).

When assessing a request for counsel in a civil matter, the Court evaluates (1) whether the indigent party has made reasonable attempts to obtain counsel or been effectively precluded from doing so; and if so, (2) whether given the difficulty of the case, that party appears competent to litigate it himself. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Here, Mr. Hunt has submitted documentation showing his efforts to find counsel to litigate his case. [*See* Filing No. 31 at 2; Filing No. 31-1; Filing No. 31-2.] Despite Mr. Hunt's efforts, to date, he has been unable to find counsel willing to take his case. Mr. Hunt is encouraged to continue to seek counsel through his own efforts, but for the purpose of this ruling, the Court finds he has made reasonable efforts.

Having satisfied the first inquiry, the court turns to the second inquiry—whether Mr. Hunt appears competent to litigate his employment discrimination action. The Court looks to the complexity of the claims and evaluates an indigent party's ability to comprehend court procedure and the required tasks at this stage of the proceedings. *See James v. Pretium Packaging, LLC*, 2009 WL 10715247, at *1 (S.D. Ind. June 11, 2009). Furthermore, the Court must keep in mind that "[a]s a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every *pro se* case." *Nevil v. Click*, 2019 WL 7598148, at *1 (S.D. Ind. Apr. 10, 2019). *See also Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

Mr. Hunt holds both undergraduate and graduate degrees. [Filing No. 31 at 2.] He has successfully submitted pleadings in this case so far and, as recounted during a recent telephone status conference with the Court, has worked collaboratively with defense counsel to address discovery matters. [*See* Filing No. 32.] Mr. Hunt expresses himself intelligibly and understands directions from the Court. Furthermore, the nature of the case is not overly complex and deals with facts with which Mr. Hunt is well familiar—the nature of the termination of certain employment opportunities by Defendant. The Court is mindful of Mr. Hunt's physical and mental health conditions identified in his Motion, [Filing No. 31 at 3], however, at this time, the Court does not find that these conditions prevent Mr. Hunt from continuing to represent himself *pro se*. Thus, the Court finds that Mr. Hunt is sufficiently competent to litigate this matter on his own given the current posture of his case.

Mr. Hunt's request for the appointment of counsel, [31], is **DENIED**. The Court will not make any outright request of counsel to represent Mr. Hunt at this time. However, the Court will

remain alert to the possible need to recruit counsel for Mr. Hunt at trial or at other points in the case where Mr. Hunt's *pro se* status would make it extremely difficult to proceed without representation. *James*, 2009 WL 10715247, at *1. The current denial is also without prejudice to a future request for appointment if Mr. Hunt's circumstances change.

Dated: 5/12/2021

                                          Mario Garcia
                                          United States Magistrate Judge
                                          Southern District of Indiana

**Distribution via ECF: all counsel of record**

**Distribution via U.S. Mail**:

Mr. John Hunt
6330 Woods Edge North #2D
Indianapolis, Indiana 46250